DAVID P. MASTAGNI, ESQ. (SBN 57721)
DAVID E. MASTAGNI, ESQ. (SBN 204244)
WILL M. YAMADA, ESQ. (SBN 226669)
JAMES R. TRABER, ESQ. (SBN 248439)
**MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER**
*A Professional Corporation*
1912 "I" Street
Sacramento, California 95814
Telephone: (916) 446-4692
Facsimile: (916) 447-4614

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BATES et al. acting for themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SANTA CRUZ,<br><br>Defendant. | Case No.: CV-08-0557<br><br>**COMPLAINT FOR FAILURE TO PROVIDE COMPENSATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT**<br><br>[29 USC § 201, et seq.] |

## JURISDICTION

1. This action is brought pursuant to the provisions of the Fair Labor Standards Act (hereinafter "FLSA") 29 USC §§ 201, *et seq.*, to recover from Defendant COUNTY OF SANTA CRUZ (hereinafter "Defendant" or "County") unpaid overtime and other compensation, interest thereon, liquidated damages, costs of suit and reasonable attorneys' fees. This action is authorized by Section 16(b) of the Act, 29 U.S.C. § 216(b), and subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1337.

Complaint for Violation of the FLSA                                                    Bates et al. v. County of Santa Cruz
[29 USC §§ 201, et seq.]

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95814

2. Plaintiffs hereinafter-mentioned are or were employed by the DEFENDANT. Plaintiffs were deprived of their full statutorily required compensation for hours worked. DEFENDANT implemented an illegal compensation computation method, which undercounts Plaintiffs' "regular rate" of pay. Defendant's method of calculating Plaintiffs' "regular rate" of pay results, and has resulted in under-payment for overtime hours worked. Additionally, Defendant suffered or permitted plaintiffs to perform hours of work without compensation.

3. DEFENDANT, is a political subdivision of the State of California and at all times herein-mentioned, employed Plaintiffs.

4. Plaintiffs bring this action on behalf of themselves and all other similarly situated individuals..

## COLLECTIVE ACTION ALLEGATIONS

5. Plaintiffs bring this action on behalf of themselves and all other persons similarly situated who work or have worked for the DEFENDANT, who were deprived of their complete statutory overtime compensation, and were not properly compensated for all work performed for DEFENDANT. Those individuals are similarly situated and constitute a well-defined community of interest in their questions of law and fact relevant to this action. The claims of the represented parties are typical of the claims of those other individuals similarly situated. The represented parties will fairly and adequately reflect and represent the interests of those similarly situated.

6. This action is brought by Plaintiffs as a collective action, on their own behalf and on behalf of all others similarly situated, under the provisions of 29 U.S.C. § 216, for damages, liquidated damages, a three year statute of limitations and relief incident and subordinate thereto including costs and attorney fees.

7. Plaintiffs bring this collective action on behalf of themselves and all other persons similarly situated who were employed by the DEFENDANT during the relevant time period, and were not fully compensated for all hours of overtime worked.

8. The exact number of members similarly situated in the collective group, as herein above identified and described, is estimated to consist of not less than one-hundred three (103) individuals.

MASTAGNI, HOLSTEDT, AMICK, MILLER, JOHNSEN & UHRHAMMER, A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95814

Complaint for Violation of the FLSA [29 U.S.C. § 201, et seq.]   -2-   *Bates et al. v. County of Santa Cruz*

9. Those individuals similarly situated constitute a well-defined community of interest in questions of law and fact. The claims of the represented parties are typical of the claims of those similarly situated. The represented parties will fairly and adequately reflect and represent the interests of those similarly situated.

10. There are common questions of law and fact in this action relating to and affecting the rights of each member of the collective group, including whether Defendant failed to fully compensate Plaintiffs for all hours worked. The relief sought is common to the entire class.

11. Plaintiffs' claims and those similarly situated depend on a showing of Defendants' acts and omissions giving rise to Plaintiffs' right to the relief sought herein. There is no conflict as to any individually named Plaintiff and other members of the collective group seeking to opt-in, with respect to this action, or with respect to the claims for relief herein set forth.

12. This action is properly maintained as a collective action in that the prosecution of separate actions by individual members of the collective group would create a risk of adjudications with respect to individual members of the class which may as a practical matter be dispositive of the interests of the other members not parties to the adjudications, or may substantially impair or impede their ability to protect their interests.

13. Plaintiffs' attorneys are experienced and capable in litigation in the field of Fair Labor Standards Act and Labor/Employment litigation and have successfully represented claimants in other litigation of this nature. Of the attorneys designated as counsel for Plaintiffs, David P. Mastagni, David E. Mastagni, Will M. Yamada and James R. Traber will actively conduct and be responsible for Plaintiffs' case herein.

## FACTUAL ASSERTIONS

14. Plaintiffs are or were employed by the Defendant within the last three (3) years. Plaintiffs' and Defendants' employment relationship is governed by the terms of applicable collective bargaining agreements. Said collective bargaining agreements delineate the terms and conditions of employment for the Plaintiffs.

15. The collective bargaining agreements between respective bargaining unit representatives and Defendant include pay scales providing Plaintiffs' hourly rates of pay for work

MASTAGNI, HOLSTEDT  
MILLER, JOHNSEN & UHRHAMMER  
A PROFESSIONAL CORPORATION  
1912 I STREET  
SACRAMENTO, CALIFORNIA 95814

Complaint for Violation of the FLSA  
[29 U.S.C. § 201, et seq.]   -3-   *Bates et al. v. County of Santa Cruz*

1  performed during their fourteen day work period Pursuant to the terms of the applicable collective
2  bargaining agreement, Plaintiffs are required to be paid overtime for all hours in excess of eighty-
3  four (84) hours worked in a week.

4      16.    At all times relevant hereto, DEFENDANT has, and continues to have a policy and/or
5  practice of requiring Plaintiffs to arrive to work approximately thirty (30) minutes or more before
6  the beginning of their scheduled shifts to perform uncompensated work and other activities integral
7  and indispensable to their principal activities.

8      17.    At all times relevant hereto, DEFENDANT has knowingly required, suffered, and
9  permitted Plaintiffs to perform uncompensated work prior to their shifts. This pre-shift work
10 includes, but is not limited to: arriving at the locker room and equipping themselves with a uniform,
11 acceptable boots/footwear, and equipping themselves with a duty belt which aids Plaintiffs in
12 carrying equipment that is integral and indispensable to the performance of their duties including:
13 a flashlight, pepper spray, a noosecutter, a glove carrier, and a key carrier. Defendant then requires
14 Plaintiffs to transport themselves and their duty gear approximately one hundred (100) yards to the
15 booking department to obtain their workstation assignment. Defendant then requires Plaintiffs to
16 transport their duty gear between fifty (50) to one hundred (100) yards from the booking department
17 to their workstation. Once Plaintiffs arrive at their workstation, Defendant requires Plaintiffs to
18 "pass down" and exchange gear from outgoing officers including, but not limited to: keys, a radio,
19 and a taser. Defendant then requires Plaintiffs to receive a briefing from the outgoing officer that
20 aids in their performance of law enforcement activities. The briefing regards current and long-term
21 issues affecting their specific workstation regarding inmate behavior, disturbances, security threats,
22 inmate violence, and inmate movement. Defendant requires Plaintiffs to perform all of this
23 uncompensated work prior to the start of their shifts.

24     18.    At all times relevant hereto, DEFENDANT has, and continues to have a policy and/or
25 practice of requiring Plaintiffs to remain at work approximately ten (10) minutes or more after the
26 end of their scheduled shifts to perform uncompensated work and other activities integral and
27 indispensable to their principal activities.

28

19. At all times relevant hereto, DEFENDANT has knowingly required, suffered, and permitted Plaintiffs to perform uncompensated work after the end of their scheduled shifts. This uncompensated post shift work includes, but is not limited to briefing oncoming deputies regarding current and long-term issues regarding inmate behavior and movement affecting their specific workstation; returning and exchanging keys; and walking from assigned their workstations to the locker room. Once at the locker room, Plaintiffs are required, suffered, and permitted to remove their uniform, footwear, and duty belt which aids Plaintiffs in carrying equipment that is integral and indispensable to the performance of their duties including: a flashlight, pepper spray, a noosecutter, a glove carrier, and a key carrier. The Defendant did not compensate Plaintiffs for performing this mandatory post-shift work.

20. At all times relevant hereto, these pre and post shift activities were, and are, an integral and indispensable part of Plaintiffs' principal activities.

21. At all times relevant hereto, Defendant derived a significant benefit from Plaintiffs' performance of these pre and post shift activities.

22. Plaintiffs are informed and believe that at all times relevant hereto, Defendant was aware that Plaintiffs performed these pre-shift and post-shift duties without compensation. Defendant knew or should have known that these pre-shift and post-shift duties constitute compensable work.

23. Plaintiffs are informed and believe, and therefore allege that at all times relevant hereto Defendant was notified that the FLSA required Defendant to compensate Plaintiffs for this pre-shift and post-shift work. Plaintiffs are informed and believe and therefore allege Defendant knowingly and intentionally refused to compensate Plaintiffs for all hours worked conducting pre-shift and post shift activities described above.

24. Plaintiffs are informed and believe, and therefore allege that at all times relevant hereto Defendant's conduct of not compensating plaintiffs for these pre-shift and post shift duties was willful. Plaintiffs further allege that Defendant knew or recklessly disregarded the requirements of the Fair Labor Standards Act by not compensating the Plaintiffs for these hours worked before and after their scheduled shifts.

MASTAGNI, HOLSTEDT, Complaint for Violation of the FLSA                                            Bates et al. v. County of Santa Cruz
MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION [29 U.S.C. § 201, et seq.]                    -5-
1912 I STREET

25. Plaintiffs are informed and believe, and thereon allege that at all times relevant hereto Defendant has impermissibly excluded or under calculated nondiscretionary bonuses, incentive pays, pay differentials, extra compensations and/or premium pays from its calculation of the "regular rate" of pay, upon which all forms of plaintiffs' overtime compensation are based.

26. Plaintiffs are informed and believe, and thereon allege that the County's past and current practice of computing Plaintiffs' overtime has impermissibly reduced the amount being paid to Plaintiffs by failing to compute all statutorily required amounts into Plaintiffs' "regular rate" of pay.

## FIRST COUNT

### CAUSE OF ACTION FOR THE VIOLATION OF THE FAIR LABOR STANDARDS ACT

27. Plaintiffs incorporate by reference each paragraph set forth above, inclusive, as though set forth fully herein.

28. Defendant suffered or permitted Plaintiffs to perform hours of uncompensated work before and after their scheduled shifts

29. Plaintiffs' work conducting pre-and post-shift activities was not voluntary, but was expected or required by the Defendant as part of their job duties.

30. Defendant received a substantial benefit from the Plaintiffs for the pre-and post-shift work they performed.

31. At all times relevant hereto, Defendant was aware Plaintiffs were performing this pre-shift and post-shift work without compensation.

32. Plaintiffs' pre-shift and post shift duties equipping themselves with required duty gear, receiving and providing briefings, and exchanging keys, radios, tasers and other equipment, is compensable "work" under the FLSA. Pursuant to the United States Code of Federal Regulations, 29 C.F.R. § 553.221(b):

> Compensable hours of work generally include all of the time during which an employee is on duty on the employer's premises or at a prescribed workplace, as well as other time during which the employee is suffered or permitted to work for the employer. Such time includes all pre-shift and post-shift activities which are an integral part of the employee's principal activity or which are closely related to the performance of the principal activity, such as attending roll call, writing up and completing tickets or reports, and washing and re-racking fire

hoses.

33. Plaintiffs' pre-shift and post shift activities are not de minimis and must be compensated. Pursuant to the United States Code of Federal Regulations, 29 C.F.R. § 785.47:

> An employer may not arbitrarily fail to count as hours worked any part, however small, of the employee's fixed or regular working time or practically ascertainable period of time he is regularly required to spend on duties assigned to him. See *Glenn L. Martin Nebraska Co. v. Culkin*, 197 F.2d 981, 987 (C.A. 8, 1952), cert. denied, 344 U.S. 866 (1952), rehearing denied, 344 U.S. 888 (1952), holding that working time amounting to $1 of additional compensation a week is "not a trivial matter to a workingman," and was not de minimis; *Addison v. Huron Stevedoring Corp.*, 204 F.2d 88, 95 (C.A. 2, 1953), cert. denied 346 U.S. 877, holding that "To disregard workweeks for which less than a dollar is due will produce capricious and unfair results." *Hawkins v. E.I. du Pont de Nemours & Co.*, 12 W.H. Cases 448, 27 Labor Cases, para. 69, 094 (E.D. Va., 1955), holding that 10 minutes a day is not de minimis.

34. Defendant has a duty to ensure that Plaintiffs' pre-shift and post shift activities are not performed if it does not want the work performed. Pursuant to the United States Code of Federal Regulations, 29 C.F.R. § 785.13:

> In all such cases it is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating for them. The mere promulgation of a rule against such work is not enough. Management has the power to enforce the rule and must make every effort to do so.

35. At all times relevant hereto, Defendant and its agents and representatives were aware of their obligations to pay Plaintiffs for all hours worked.

36. At all times relevant hereto, Defendant and its agents and representatives were aware of their obligations to pay Plaintiffs overtime compensation for all hours worked in excess of forty (40) hours per week, or where applicable, in excess of the applicable maximum weekly hours established by Section 207 of the FLSA.

37. Defendant is not exempt from compensating Plaintiffs overtime at time and one-half Plaintiffs' "regular rate" of pay for all hours worked prior to and after the end of a scheduled work shift.

38. At all times relevant hereto Defendant through its agents and representatives willfully and knowingly violated the Fair Labor Standards Act by failing to compensate Plaintiffs for work performed in excess of forty (40) hours per work week, or where applicable, their alternative work schedules.

39. At all times relevant hereto Defendant's failure to fully compensate Plaintiffs for all hours worked was not in good faith, and was a willful violation of the Fair Labor Standards Act. Thus Plaintiffs are entitled to a three (3) year statute of limitations.

40. As a result of the foregoing violations of the Fair Labor Standards Act as herein enumerated, Plaintiffs seek damages for back pay and overtime compensation, as well as liquidated damages.

41. Plaintiffs also seek reasonable attorney's fees pursuant to 29 USC Section 216(b).

42. Plaintiffs are informed and believe and thereon allege Defendant's past and current practice has been to exclude and/or under calculate incentive pays, nondiscretionary bonuses, pay differentials, extra compensations and premium pays from the calculation of Plaintiffs' "regular rate" of pay when calculating the rate of Plaintiffs' overtime compensation. Defendant's practice is in violation various provisions of the FLSA including, but not limited to 29 U.S.C. § 207(e).

WHEREFORE, Plaintiffs pray judgment as follows:

1. For unpaid compensation and interest thereon, plus an equal amount of liquidated damages, for all Plaintiffs who were required to perform work without appropriate compensation pursuant to 29 USC § 216(b);

2. For a determination that Defendant's conduct was not in good faith, but was an intentional, knowing and willful violation of the FLSA, thus entitling Plaintiffs to liquidated damages;

3. For a determination that Defendant's conduct was not in good faith, but was an intentional, knowing and willful violation of the FLSA, thus entitling Plaintiffs to a three (3) year statute of limitations;

4. For reasonable attorneys' fees pursuant to 29 USC § 216(b);

5. For costs incurred as a result of this proceeding;

6. For injunctive relief ordering the Defendant to cease and desist from engaging in said

MASTAGNI, HOLSTEDT Complaint for Violation of the FLSA
MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION [29 USC § 201, et seq.]
1912 I STREET
SACRAMENTO, CALIFORNIA 95814
-8-
Bates et al. v. County of Santa Cruz

1  unlawful conduct;

2  7.   For such other and further relief as the court deems just and proper.

Dated: January 24, 2008

**MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER**

By: _____
JAMES R. TRABER
Attorney for Plaintiffs

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER
A PROFESSIONAL CORPORATION
1912 I STREET
SACRAMENTO, CALIFORNIA 95814

Complaint for Violation of the FLSA
[29 U.S.C. § 201, et seq.]            -9-            Bates et al. v. County of Santa Cruz