DAVID P. MASTAGNI, ESQ. (SBN 57721)
DAVID E. MASTAGNI, ESQ. (SBN 204244)
WILL M. YAMADA, ESQ. (SBN 226669)
JAMES R. TRABER, ESQ. (SBN 248439)
**MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER**
*A Professional Corporation*
1912 "I" Street
Sacramento, California 95814
Telephone: (916) 446-4692
Facsimile: (916) 447-4614

**Attorneys for Plaintiffs**

DANA McRAE, State Bar No. 142231
County Counsel, County of Santa Cruz
JASON M. HEATH, State Bar No. 180501
Assistant County Counsel
BETSY L. ALLEN, State Bar No. 146386
Assistant County Counsel
701 Ocean Street, Room 505
Santa Cruz, California 95060
Telephone: (831) 454-2040
Fax: (831) 454-2115

**Attorneys for Defendant County of Santa Cruz**

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BATES et al. acting for themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SANTA CRUZ,<br><br>Defendant. | Case No.: 5:08-cv-00557-JW<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>**[FRCP 26(f), CIV L.R. 16-9]**<br><br>Date:       June 9, 2008<br>Time:       10:00 a.m.<br>Courtroom:  8<br>Judge:      Hon. James Ware |

Plaintiffs and Defendant hereby submit the following Joint Case Management Conference Statement pursuant to FRCP 26(f), and the Court's Order setting the Initial Case Management

Conference.

1. Jurisdiction and Service:

The parties agree this Court has Federal Question subject matter jurisdiction in this matter pursuant to 28 U.S.C. § 1331, and 29 U.S.C. § 201 *et seq.* The parties further agree this case is properly venued in San Jose based upon 28 U.S.C. § 1391.

2. Facts:

This is a collective action relating to Defendant's compensation practices with respect to the pre- and post-employment activities by corrections officers employed by Defendant. Plaintiffs allege Defendant suffered and/or permitted the corrections officers to perform work without compensation before and after their scheduled shifts in violation of the FLSA. Plaintiffs' further allege Defendant's method of computing overtime payments impermissibly undercounts Plaintiffs' "regular rate" of pay in violation of the Fair Labor Standards Act (hereinafter "FLSA") by failing to include all required remunerations, bonuses, and premium pays. Defendant denies that the activities for which Plaintiffs are seeking compensation are compensable work under the FLSA and asserts that Plaintiffs have been properly compensated.

3. Legal Issues:

Plaintiffs contend they are entitled to compensation for work performed before and after their scheduled shifts. The FLSA requires employers to pay their employees for all time spent working on their behalf. *See*, 29 U.S.C. §§ 206, 207. In *Steiner v. Mitchell*, 350 U.S. 247, 252-253 (1956), the Supreme Court held that the term "principal activities" in Section 4 [of the Portal-to-Portal Act] embraces all activities which are an 'integral and indispensable part of the principal activities.' Recently, the Supreme Court reaffirmed its interpretation of the Portal to Portal Act, holding that any activity that is "integral and indispensable" to a "principal activity" is itself a "principal activity" under § 4(a) of the Portal to Portal Act. *IBP, Inc. v. Alvarez* 546 U.S. 21, 36, 126 S.Ct. 514, 525 (2005); *See also, Ketchum v. City of Vallejo* 523 F.Supp.2d 1150, 1162 (E.D.Cal. 2007).

Plaintiffs contend Defendant's computation of Plaintiffs' overtime rate impermissibly excludes certain non-discretionary bonuses in violation of 29 U.S.C. § 207(a)(1) and (e). These

sections require Defendant to compensate Plaintiffs for all work performed in excess of 40 hours in a workweek at one and one-half times their "regular rate" of pay. Section 207(e) requires an employee's rate include "all remuneration for employment paid to, or on behalf of, the employee" with seven limited exceptions.

Defendant contends that the activities for which Plaintiffs are seeking compensation are not sufficiently integral and indispensable to Plaintiffs' principal duties as corrections officers to be compensable under FLSA. Instead donning and doffing their uniforms and safety belts, traveling to their workstations and exchanging gear is preliminary and postliminary to the Plaintiffs' principal work activities. Consequently, these activities are not compensable under the Portal to Portal Act. 29 U.S.C. § 254(a). Moreover, these activities are *de minimis*. Employees cannot recover for otherwise compensable time that is *de minimis*. *Alvarez v. IBP* 339 F. 3d 894, 903 (9th Cir. 2003).

4. Motions:

There are no motions currently pending. The parties anticipate filing cross-motions for summary judgment/adjudication.

5. Amendment of Pleadings:

The parties do not anticipate amendment of their respective pleadings at this time.

6. Evidence Preservation:

The parties stipulate and agree to take appropriate steps to preserve evidence to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voicemails, and other electronically recorded material that may reasonably lead to the discovery of admissible evidence in this matter.

7. Disclosures:

The parties intend to make full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 within (14) days after the parties' Rule 26(f) conference. In the event the Court issues a scheduling Order without holding a Rule 26(f) conference, the parties agree to make full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 within (14) days of the filing of said order.

8. <u>Discovery</u>:

The parties have not conducted discovery to date. The parties have met and conferred, and developed the following discovery plan as required by Fed. R. Civ. P. 26(f)(3):

(a) *Initial Disclosures*:

No changes should be made in the timing, form, or requirement for disclosures under Rule 26(a). Initial disclosures will be made within (14) days of the parties' case management conference. If the Court issues a scheduling order without holding a Rule 26(f) conference, the parties agree to make full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 within (14) days of the filing of said order.

(b) *Subjects of Discovery and Discovery Time Lines*:

Discovery should be completed by December 1, 2009. Discovery is anticipated to include, but is not necessarily limited to, the following subjects:

    i.    Whether, and if so, how often, Plaintiffs worked before and after shifts without compensation.

    ii.    The nature of such work.

    iii.    The number of shifts worked by each Plaintiff for the last three years.

    iv.    Each Plaintiff's "straight time" and overtime rate of pay.

    iv.    The amount of hours worked by each Plaintiff per pay period for the period three years prior to the filing of the Complaint until present.

    vi.    All documents and opinions used by Defendant relating to compliance with the FLSA.

    vii.    The names of personnel from the County of Santa Cruz who have knowledge about the Corrections Bureau's policies, proceedings and practices concerning Defendant's compliance with the FLSA.

    viii.    The method used by Plaintiffs and Defendant to record Plaintiffs' hours of work.

    ix.    Whether Plaintiffs tracked time they worked that they claim was uncompensated.

    x.    Whether Plaintiffs' salary was intended to compensate them for pre-shift briefings.

    xi.    Whether Plaintiffs performed off-the-clock work.

    xii.    The nature of the work for which Plaintiffs claim they were not compensated.

    xiii.    The amount of time each day Plaintiffs claim that they engaged in uncompensated work.

    xiv.    The amount of time in each shift that each Plaintiff engaged in personal, non-work activities.

    xv.    Defendant's policies and practices concerning correctional officers' uniforms and equipment.

    xvi.    The identity of similarly situated employees.

(c) *Electronically Stored Information*:

Data relevant to Plaintiffs' claims, including payroll data and/or data reflecting work performed by Plaintiffs may exist in an electronic format. Production of such data in an electronic format may be appropriate.

(d) *Attorney-Client Privilege and Work-Product Materials*:

No issues regarding Attorney-Client Privilege and Work-Product presently exist. Any such issues that may arise should be dealt with according to the Federal Rules of Civil Procedure.

(e) *Limitations on Discovery*:

The parties do not anticipate any limitations of discovery.

(f) *Other Orders*:

None at this time.

//

//

9. <u>Class Action</u>:

This case is not a class action as contemplated by Fed. R. Civ. P. 23. However, this is a collective action under 26 U.S.C. § 216(b) with more than 70 identified plaintiffs opting in to this action to date.

10. <u>Related Cases</u>:

The parties are unaware of any related cases or proceedings.

11. <u>Relief</u>:

Plaintiffs seek unpaid compensation and interest thereon, plus an equal amount of liquidated damages. Plaintiffs further seek a determination that Defendant's conduct was not in good faith, thus entitling Plaintiffs to a three year statute of limitations, and liquidated damages. Plaintiffs further seek reasonable attorney's fees, costs, injunctive relief, and such other relief as the Court deems proper.

Defendant seeks a judgment dismissing this action with prejudice and an award of its costs, expenses and attorneys' fees incurred.

12. <u>Settlement and ADR</u>:

The parties agrees to mediation provided through the Court's ADR Program. The parties have filed an ADR certification in accordance with Civil L.R.16-8 and ADR L.R.3-5(b).

13. <u>Consent to Magistrate Judge for All Purposes</u>:

Plaintiffs are willing to use a magistrate judge. Defendant prefers that the case stay with this Court.

14. <u>Other References</u>:

None.

15. <u>Narrowing of Issues</u>:

There are no issues that may be narrowed by agreement or by motion at this time.

16. <u>Expedited Schedule</u>:

This is not the type of case that can be handled on an expedited basis with streamlined procedures.

17. <u>Scheduling</u>:

    a) The cutoff for designation for experts should be October 1, 2009.

    b) The discovery cutoff should be December 1, 2009.

    c) The last day for hearings on dispositive motions should be January 31, 2010.

    d) The pretrial conference should be March 31, 2010.

    e) Trial should commence May 31, 2010.

18. <u>Trial</u>:

Defendant has demanded a trial by jury in this case. The parties estimate the trial will last between five and ten court days.

19. <u>Disclosure of Non-Party Interested Entities or Persons</u>:

Plaintiffs have not filed a Certification of Interested Entities or Persons. Based on Local Rule 3-16(a), Defendant has not filed a Certification of Interested Entities or Person.

20. <u>Other Matters</u>:

None.

Dated: May 30, 2008

MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER

By: /s/ *James R. Traber*
JAMES R. TRABER
Attorney for Plaintiffs

Dated: May 30, 2008

DANA McRAE, COUNTY COUNSEL

By: /s/ *Betsy L. Allen*
BETSY L. ALLEN
Assistant County Counsel
Attorneys for Defendants